Cesar **HERNANDEZ**; Matilde **Velazquez De Hernandez,** Petitioners,

v.

Eric H. **HOLDER,** Jr., Attorney General, Respondent.

No. 05–71647.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Jorge Ivan Rodriguez–Choi, Esquire, Law Offices of Jorge Rodriguez–Choi, Oakland, CA, for Petitioners.

R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Stacy Stiffel Paddack, Kurt B. Larson, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Cesar Hernandez and Matilde Velazquez de Hernandez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Hernandez' testimony was insufficient to establish the requisite continuous physical presence because his testimony lacked specificity concerning his first two years in the United States and was inconsistent with statements he made at his asylum interview. The supporting documents and testimony of two witnesses did not overcome the weaknesses in Hernandez' testimony. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999) (a contrary result is not compelled where

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there is "[t]he possibility of drawing two inconsistent conclusions from the evidence").

Substantial evidence also supports the IJ's conclusion that Velazquez de Hernandez' testimony was insufficient to establish the requisite continuous physical presence because she testified inconsistently about whether she entered the United States alone. Moreover, her testimony was contradicted by her uncle's testimony about whether she visited Mexico and worked while living with him, and where the family lived during her alleged first years in the United States. *See id.*

### PETITION FOR REVIEW DENIED.